The opinion of the Court was delivered by
WhitNER, J.
The defendants insist that the Board of Commissioners exceeded their jurisdiction in ordering the road in question to be opened and worked upon. It appeared on the trial below that although one of the defendants through whose lands the contemplated road was to pass, did object, yet that through these lands there already existed a road, to the use of which the public had become entitled by prescription, and that the new road proper, passed through lands of those making no objection to the same, connected with the old road above referred to, and thus constituted the *305 road established by the Board and taken under their jurisdiction. It will be noted, that this defence is set up in the summary jurisdiction, actions being brought to enforce the collection of fines imposed, exceeding twenty dollars each, for neglect of road duty, and this Court is given further to understand that in no other respect was the character of the old road changed. The defendants rely upon the fifth section of the Act of 1825, (9 Stat. 559) wherein the Commissioners of roads are “ authorized and required to lay out, make and keep in repair, all such roads as have been or shall hereafter be established by law, or as they shall judge necessary in their several parishes and districts; provided however, that no Board of Commissioners of roads shall hereafter have power to open any new road until they shall have given three months previous notice,” &c., “nor shall any new road be opened through the lands of any person who shall signify to the Board of Commissioners any opposition, unless by permission of the legislature,” &c. When it is remembered that in this State we have two kinds of public roads, to the use and repair of which the public are entitled, if it may be assumed, as the judgment of the Court below warrants, that the road through the lands of the only person objecting, belonged either to the one or the other class of public roads existing amongst us, then I think it is manifest that the restriction in the proviso does not attach, either in the letter or spirit, to the action of this Board. In the recent legislation of the country, it has not been thought fit to delegate to the Boards of Commissioners, the power of taking private property for public use by opening a new road through the land of one who opposes this dedication to the public; properly this high prerogative is exercised by the legislature itself, and hence the restraint, but surely the reason ceases where the use exists, for the law presumes that portion of the road now drawn in question to have had its origin in *306 some legal authority. 4 McC. 67; 2 Strob. 61; 1 McM. 271, 342.
It is no answer to this view of the case, that tbe fact on which it is based is denied, and therefore should be enquired of by a jury of the country. It was competent for the defendant Humph to have raised the question, and secured such a course of adjudication. But with his arms folded, he has chosen to await this stage of the proceeding to interpose this objection, and it cannot now avail him, The presumptions are against him throughout.
In the incipiency of this transaction, a prohibition was open to him — a suggestion could have been ordered causing any disputed fact to be inquired of by the country. The road has been opened with the presumptions that the legal prerequisites have been complied with. Commissioners vs. Murray, 1 Rich. 335. When called before the Board to answer for his default, he failed to appear, and thence encounters the further difficulty of a fine imposed without objection, and the point ruled in the cases, 3 Hill, 318, 5 Rich. 278, viz., that when the person and subject matter are within the jurisdiction of the Board, (whose peculiar province it is to hear excuses and fix the fine,) their decision is final and conclusive, unless they exceed the bounds prescribed them, admit illegal evidence, or otherwise violate settled rules of law. In this particular case the defendant sets up matter by way of defence, wherein the facts are certified to this Court, and on which our judgment must be rested.
Eor the reasons already given, this Court is farther of opinion that the grounds presented in behalf of the other defendant cannot avail him.
The appeal is accordingly dismissed in each case.
O’Neall, WITHERS, and MuNro, JJ., concurred.

Motion dismissed.